FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

97 MAY 16 AM 9: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **FRANKLIN D. LITTLEJOHN and ESSIE D. LITTLEJOHN,** ]<br>]<br>Plaintiffs, ]<br>]<br>vs. ]<br>]<br>**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; PRUCO LIFE INSURANCE COMPANY; JIMMY BLUE; CLARENCE EDWARDS; THOMAS DELLIGATTI,** ]<br>]<br>Defendants. ]<br>] | CV-97-N-0742-S |

ENTERED
MAY 16 1997

| | |
|---|---|
| **VELMA CLAY,** ]<br>]<br>Plaintiff, ]<br>]<br>vs. ]<br>]<br>**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and NINA McMULLEN,** ]<br>]<br>Defendants. ]<br>] | CV-97-N-0814-W |

14

| | |
|---|---|
| **OWEN A. McDONALD and ANGELA McDONALD,** ] | |
| ] | |
| Plaintiffs, ] | |
| ] | CV-97-N-0818-W |
| vs. ] | |
| ] | |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and MARGARET WEDGWORTH,** ] | |
| ] | |
| Defendants. ] | |

**Memorandum of Opinion**

**I.    Introduction.**

The plaintiffs in these actions originally filed their complaints in various circuit courts in the state of Alabama against The Prudential Insurance Company and certain of Prudential's agents.[1] The complaints allege state law claims for breach of contract, innocent misrepresentations, intentional misrepresentations, suppression of material facts, deceit, fraudulent deceit, violations of Alabama Code Section 6-5-100 *et seq.*, continuing misrepresentations, negligent and/or wanton training and supervision, and breach of fiduciary duty. Each plaintiff seeks compensatory and punitive damages. The defendants removed the actions to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1367 ("Section 1367"). The defendants contend that the plaintiffs' claims are part of the same case or controversy as numerous actions transferred and consolidated in the

---

[1] Plaintiffs Franklin D. Littlejohn and Essie D. Littlejohn also bring claims against Pruco Life Insurance Company.

2

the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1407(a) by the Judicial Panel on Multidistrict Litigation.

These actions are presently before the court on the plaintiffs' motions to remand to the various circuit courts in the state of Alabama in which they were originally brought. Upon due consideration, the motions will be granted.

**II.    Discussion.**

The court in *Wall v. Prudential Insurance Co. of Am.*, CV-96-TMP-2846-W, remanded a similar action to state court because, among other reasons, it found the defendants arguments regarding original jurisdiction unpersuasive. The defendants in the instant actions have failed to change the court's view on the matter. As stated in *Wall*, section 1367 does nothing more than *extend* federal jurisdiction that already exists; it does not create federal jurisdiction where it did not otherwise exist. See *In re Estate of Tabas*, 879 F. Supp. 464 (E.D. Pa. 1995).

In the instant causes, no claim exists over which the court has original federal jurisdiction. The claims actually pled in the complaint are traditional state law actions, and it is the complaint that dictates whether the claims are federal or state in nature. See *Pruitt v. Carpenters Local Union No. 225*, 893 F.2d 1216 (11th Cir. 1990) (discusses "well-pled complaint" rule with regard to removal cases). Section 1367 operates to confer supplemental jurisdiction over all *claims*, not entire cases, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 42 U.S.C. § 1367(a). The defendants' argument that a district court in New Jersey has original jurisdiction and that therefore this court should assume supplemental

3

jurisdiction over the plaintiffs' state law claims is thus unpersuasive, for they would like the court to adopt the view that section 1367 confers supplemental jurisdiction over an entire case.

### III. Conclusion.

Accordingly, the actions will be remanded to the state circuit courts in which they were originally brought. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 16th of May, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE